**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE ADRIAN ULLOA BUENO<br><br>*Petitioner*,<br><br>v.<br><br>LUIS SOTO, *et al.*<br><br>*Respondents*. | Civil Action No. 26-cv-896<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Jose Adrian Ulloa Bueno ("Petitioner"), filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner seeks immediate release from immigration detention. The Court has reviewed the Petition (ECF No. 1), the Court's prior Text Orders (ECF Nos. 3, 6), Respondents' submissions (ECF Nos. 5, 8), and Petitioner's February 15, 2026 status report and exhibits (ECF No. 7). For the reasons set forth below, the Petition is granted.

I.　**Background and Procedural History**

Petitioner, a forty-six-year-old native and citizen of Ecuador, alleges that he has resided in the United States since November 1999, has worked as a carpenter, and has no criminal history. (ECF No. 1 ¶¶ 1–3.) He was detained on or about January 20, 2026, and is presently confined at Delaney Hall Detention Facility in Newark, New Jersey. (*Id.* ¶¶ 4–5.)

In his Petition, Petitioner challenged his detention under 8 U.S.C. § 1225 and alternatively requested a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a) with the burden

placed on Respondents. (ECF No. 1 ¶ 12.)

On January 31, 2026, this Court determined that Petitioner is detained pursuant to § 1226(a) and ordered Respondents to provide an individualized bond hearing before an immigration judge. (ECF No. 3.) After reviewing Respondents' February 6, 2026 submission (ECF No. 5) and the attached bond order (ECF No. 5-1), the Court concluded that the hearing had been conducted under the wrong regulatory framework and failed to comply with its directive. (ECF No. 6.) The Court therefore ordered a new bond hearing under § 1226(a), explicitly requiring that "the burden of proof [be] upon Respondents." (*Id.*)

Following the second hearing, Petitioner filed a status report advising that bond was again denied and that the Immigration Judge placed the burden on Petitioner. (ECF No. 7.) The written bond denial confirms that the Immigration Judge exercised discretion under § 1226(a) "with the burden of proof upon Respondent." (ECF No. 7-4 at 1.)

II. **Legal Standard**

Detention under 8 U.S.C. § 1226(a) is discretionary. The Third Circuit has long recognized that discretionary immigration detention must comport with due process and include a meaningful opportunity to seek release.

In *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011), the Court of Appeals held that immigration detention is constitutionally permissible only for a reasonable period and is subject to judicial review. Although aspects of *Diop* were later abrogated on statutory grounds, its core due process reasoning remains instructive.

In *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), the Third Circuit reaffirmed that prolonged detention without adequate procedural safeguards raises serious constitutional concerns and requires meaningful review.

2

Most directly relevant here, in *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208 (3d Cir. 2018), the Court held that when a noncitizen is entitled to a bond hearing, the Government bears the burden of proving by clear and convincing evidence that continued detention is warranted. The Third Circuit emphasized that the burden allocation is essential to ensuring that detention comports with due process.

The principle that liberty may not be curtailed without constitutionally adequate procedures is deeply embedded in habeas jurisprudence. *See also Zadvydas v. Davis*, 533 U.S. 678 (2001) (recognizing constitutional limits on immigration detention and the role of habeas review).

### III. Discussion

This Court twice ordered that Petitioner be afforded an individualized bond hearing under § 1226(a) with the burden of proof placed squarely upon Respondents. (ECF Nos. 3, 6.) The second bond decision expressly placed the burden on Petitioner. (ECF No. 7-4 at 1.)

That allocation contravenes the Court's February 9, 2026 Order (ECF No. 6) and is inconsistent with the Third Circuit's directive in *Guerrero-Sanchez* that the Government must justify continued detention at a bond hearing. The burden of proof is not a procedural formality; it is the mechanism by which due process protects against erroneous deprivation of liberty.

Additionally, Petitioner has presented sworn representations that the Immigration Judge relied on findings from the prior defective hearing and declined to consider newly submitted evidence. (ECF No. 7; ECF No. 7-1 ¶¶ 6-7.) The February 5, 2026 hearing had already been deemed legally insufficient by this Court. (ECF No. 6.) Incorporation of that flawed proceeding further undermines the adequacy of the second hearing.

Respondents have now had two opportunities to provide a hearing consistent with § 1226(a), this Court's unambiguous Text Orders (ECF Nos. 3, 6), and governing Third Circuit

3

precedent. They have failed to do so. Continued detention in the face of repeated noncompliance with explicit judicial directives constitutes an ongoing deprivation of liberty without constitutionally sufficient process. *See Guerrero-Sanchez*, 905 F.3d 208 at 224-25 (holding that due process requires the Government to justify continued detention at a bond hearing); *Diop*, 656 F.3d 221 at 232 (recognizing that immigration detention is constitutionally permissible only so long as it is accompanied by adequate procedural safeguards.)

While remand for a new bond hearing is often appropriate, *see Chavez-Alvarez*, 783 F.3d 469 at 478, the Court concludes that further remand would be futile under these circumstances. The writ of habeas corpus is not an empty formality; it is a substantive safeguard against unlawful executive restraint. *See Zadvydas*, 533 U.S. 678 at 687-88 (describing habeas as a core protection against arbitrary detention.) Pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651(a) and its habeas jurisdiction under § 2241, the Court must ensure that its judgements are effective and not rendered illusory by repeated noncompliance. Where constitutionally required procedures have twice not been provided, and detention continues solely by virtue of those deficiencies, immediate release is warranted.

## IV. <u>Conclusion and Order</u>

For the foregoing reasons,

**IT IS** on this 24th day of February, 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; Respondents shall <u>**on this date** **IMMEDIATELY RELEASE**</u> Petitioner under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

4

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that should to the extent that Respondents later detain Petitioner this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this matter, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

　　　　　　　　　　　　　　　　　　　　　　 *[signature]*
　　　　　　　　　　　　　　　　　　　　　　**KAREN M. WILLIAMS**
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

5