**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JOSE ADRIAN ULLOA BUENO

*Petitioner*,

v.

LUIS SOTO, *et al.*

*Respondents*.

Civil Action No. 26-cv-896

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court upon Respondents' February 24, 2026 letter (ECF No. 10), confirming Petitioner's release and requesting partial reconsideration of the Court's Memorandum Opinion and Order (ECF No. 9). The Court has carefully considered Respondents' submission. For the reasons set forth below, the request for reconsideration is **DENIED**.

### I.    Confirmation of Release

Respondents represent that Petitioner was released from custody on February 24, 2026 at 7:20 p.m. (ECF No. 10.) The Court accepts that representation. Respondents have therefore complied with the portion of the Court's Order directing immediate release. (*See* ECF No. 9 at 4.)

### II.    Standard Governing Reconsideration

Reconsideration is an extraordinary remedy and is appropriate only where the movant demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error of law or prevent manifest injustice. *See, e.g., Max's Seafood Café ex rel. Lou-Ann Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). Respondents' submission

identifies no change in controlling authority and presents no new evidence. (ECF No. 10.) The request therefore rests solely on an asserted legal error regarding the allocation of the burden of proof at a bond hearing under 8 U.S.C. § 1226(a). (*Id.*)

### III.    Allocation of the Burden at the Court-Ordered Hearing

On January 31, 2026, the Court determined that Petitioner was detained pursuant to 8 U.S.C. § 1226(a) and ordered Respondents to provide an "individualized bond hearing before an immigration judge who shall assess whether he presents a flight risk or a danger to the community." (ECF No. 3.)

After reviewing Respondents' February 6, 2026 submission and the attached bond order (ECF No. 5; ECF No. 5-1), the Court concluded that the hearing had been conducted under the wrong regulatory framework and did not comply with its prior directive. (ECF No. 6.)[1] The Court

---

[1] Respondents contend that the February 5, 2026 hearing was conducted pursuant to 8 U.S.C. § 1226(a). (ECF No. 5 at 1; ECF No. 10 at 1–2.) The written order issued by Immigration Judge Shana Chen ("Judge Chen"), however, states: "The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered: Denied, because Respondent has failed to establish that he is likely to appear at future immigration court proceedings and to comply with future court orders." (ECF No. 5-1.)

The structure and language of that order reflect application of the default regulatory custody redetermination framework in which the noncitizen bears the burden of establishing eligibility for release. The denial rested expressly on Petitioner's "fail[ure] to establish" that he was not a flight risk. That allocation of proof was inconsistent with the Court's January 31, 2026 directive requiring an individualized bond hearing under § 1226(a) conducted in accordance with the procedural safeguards articulated in this Court's habeas orders. (ECF Nos. 3, 6.)

Although 8 C.F.R. § 1236 implements § 1226(a), the Court's concern was not the statutory label attached to the proceeding, but the operative burden allocation and procedural framework actually employed. The written decision confirms that Judge Chen evaluated whether Petitioner had carried a burden of persuasion, rather than requiring the Government to justify continued detention as directed.

Moreover, even under the Board's articulation of flight-risk analysis, bond determinations must reflect reasoned consideration of relevant factors, including family ties, length of residence,

therefore ordered a new hearing under § 1226(a), expressly requiring that it be conducted "with the burden of proof upon Respondents." (*Id.*)

The written bond decision following the second hearing confirms that Judge Chen exercised discretion under § 1226(a) "with the burden of proof upon Respondent." (ECF No. 7-4 at 1.) Petitioner's February 15, 2026 status report likewise represented that Judge Chen placed the burden on Petitioner and relied on findings from the prior defective hearing. (ECF No. 7 at 3; ECF No. 7-1 ¶¶ 4–10.)[2]

It was against that procedural record that the Court granted the writ. (ECF No. 9.)

**IV.    <u>Respondents' Reliance on Third Circuit Precedent</u>**

Respondents contend that the Court erred in concluding that the February 5, 2026 bond

---

employment history, criminal record, and prior compliance with immigration proceedings. *See Matter of R-A-V-P-*, 27 I&N Dec. 803 (BIA 2020). The conclusory denial issued here—resting solely on Petitioner's purported failure of proof—did not demonstrate that the framework required by this Court's prior Order had been applied.

For those reasons, the Court directed that a new hearing be conducted expressly under § 1226(a) and in conformity with the procedural safeguards set forth in ECF No. 6, so that the statutory basis for detention and the governing burden allocation would be clear, judicially reviewable, and consistent with the Court's habeas ruling.

[2] In his February 15, 2026 status report, Petitioner represents that at the February 13, 2026 bond hearing, Judge Chen again denied bond and stated that counsel for Petitioner had "misled" the District Court into ordering a new hearing. (ECF No. 7 at 2; Ex. A ¶ 7.) According to counsel's sworn declaration, Judge Chen asserted that the February 5, 2026 ruling had already determined that Petitioner was a flight risk, characterized counsel's prior representations as misstatements, and advised that any disagreement should be pursued before the Board of Immigration Appeals rather than the District Court. (*Id.*) Petitioner's counsel further represents that when she attempted to respond to those statements, she was instructed that she was "wasting time," after which the hearing concluded. (ECF No. 7 at 3.) Petitioner's counsel additionally asserts that Judge Chen relied upon her prior findings, that no new evidence was presented by Respondents, and that the burden of proof remained on Petitioner. (*Id.*; ECF No. 7-4 at 1.) These representations form the basis of Petitioner's contention that the second proceeding did not constitute a neutral, individualized hearing consistent with this Court's prior Orders.

hearing failed to comply with this Court's January 31, 2026 Text Order because, in their view, under *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274 (3d Cir. 2018), the burden of proof at a § 1226(a) custody redetermination hearing rests on the noncitizen. (ECF No. 10 at 1.) They further argue that *Guerrero-Sanchez v. Warden York County Prison*, 905 F.3d 208 (3d Cir. 2018) is inapposite because it addressed detention under 8 U.S.C. § 1231(a)(6), not § 1226(a). (*Id.* at 1–2.)

The Court does not disagree that, as a general regulatory matter, bond hearings conducted in the ordinary course under § 1226(a) have historically placed the burden on the detainee. *See Borbot*, 906 F.3d at 279–80. Nor did the Court hold that *Borbot* states otherwise.

But Respondents' argument elides a critical distinction: the February 5 and February 13 hearings were not merely routine regulatory proceedings. They were hearings conducted pursuant to an Article III court's habeas order, issued after judicial review of Petitioner's detention under 28 U.S.C. § 2241. (ECF Nos. 3, 6.)

This was not a routine custody redetermination conducted solely pursuant to agency regulation. It was a constitutionally compelled hearing ordered by a federal court exercising habeas jurisdiction under 28 U.S.C. § 2241 after determining that continued detention required judicially enforceable procedural safeguards.[3] The source of the burden allocation in this case was not agency practice; it was this Court's express directive.

Nothing in *Borbot* addresses the scope of a district court's remedial authority under § 2241 to prescribe constitutionally adequate procedures in an individual case. *Borbot* rejected a

---

[3] The All Writs Act, 28 U.S.C. § 1651(a), permits a federal court to issue orders necessary or appropriate in aid of its jurisdiction. Where a court has determined that detention is proceeding under an improper statutory framework and has ordered corrective relief, it possesses authority to ensure that the ordered proceedings meaningfully effectuate that judgment and are not rendered illusory through procedural noncompliance.

categorical rule that prolonged detention under § 1226(a) automatically entitles a detainee to a bond hearing with the Government bearing the burden. 906 F.3d at 279–80. It did not curtail a district court's authority, once habeas jurisdiction is properly invoked, to order specific procedural safeguards necessary to cure a constitutional deficiency.

### V.    Constitutional Basis for the Court's Directive

In granting relief, the Court relied not on mechanical transposition of a statutory rule from another detention provision, but on core due process principles articulated in Third Circuit precedent. In *Guerrero-Sanchez v. Warden York County Prison*, the Court of Appeals held that where civil immigration detention is subject to a bond hearing, the Government must justify continued detention by clear and convincing evidence. 905 F.3d at 224–25. While *Guerrero-Sanchez* arose under § 1231(a)(6), its reasoning rested squarely on the Due Process Clause and the fundamental requirement that liberty not be curtailed absent adequate procedural safeguards.

Similarly, *Diop v. ICE/Homeland Security*, 656 F.3d 221, 232 (3d Cir. 2011), emphasized that immigration detention is constitutionally permissible only for a reasonable period and only so long as it is accompanied by adequate procedural protections. And *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 474–78 (3d Cir. 2015), reaffirmed that meaningful review is required where liberty is at stake.

The Court's February 9, 2026 Order (ECF No. 6) expressly required that the renewed hearing place "the burden of proof upon Respondents." That allocation was deliberate. It reflected the Court's determination that, in a habeas-ordered proceeding designed to remedy constitutional infirmity, the Government must justify continued physical restraint. *See also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001) (recognizing habeas corpus as a core protection against arbitrary executive detention).

5

Even assuming Respondents believed that *Borbot* supported a contrary allocation, the proper course was to seek reconsideration or appellate review before conducting a hearing inconsistent with the Court's directive—not to disregard the plain language of ECF No. 6. The Court's ruling does not announce a categorical reallocation of the burden in all § 1226(a) proceedings, but enforces compliance with the specific procedural safeguards ordered in this specific case.

## VI.     **Responsibility for Compliance**

Respondents further contend that the Executive Office for Immigration Review controlled the conduct of the second hearing. (ECF No. 10 at 2 & n.1.) That contention does not alter the analysis. The internal allocation of authority within the Executive Branch does not relieve Respondents—Petitioner's custodians and the named parties in this § 2241 action—of their obligation to comply with an Article III court order. *See* 28 U.S.C. § 2243 (directing the custodian to respond to and comply with the writ).

## VII.     **No Clear Error Warranting Reconsideration**

The Court granted the writ only after concluding that: (1) two hearings failed to comply with the unambiguous requirements set forth in ECF Nos. 3 and 6; and (2) further remand would be futile under the circumstances. (ECF No. 9.)[4] Respondents have not demonstrated an intervening change in law, newly discovered evidence, or clear legal error that would warrant disturbing that judgment. *See Max's Seafood Café*, 176 F.3d at 677.

Accordingly, the Court reaffirms its prior Memorandum Opinion and Order (ECF No. 9)

---

[4] A federal court is not required to engage in successive remands where its explicit procedural directives have not been followed. The writ of habeas corpus must provide effective relief. *See Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Reinforced in its authority under 28 U.S.C. § 1651(a), the Court may issue orders necessary to protect the integrity of its jurisdiction and ensure that judicial relief is not reduced to a formality.

in all respects.  The grant of habeas relief and the permanent injunction entered therein remain in full force and effect.

**IT IS** on this ____ day of March 2026

**ORDERED** that Respondents' request for partial reconsideration (ECF No. 10) is **DENIED**; and it is further

**ORDERED** that the Court's Memorandum Opinion and Order (ECF No. 9) remains undisturbed.

KAREN M. WILLIAMS
**United States District Judge**